FREDERICK N. ESHER v. JOHN L. MEEKER AND PASSMORE MEEKER, PARTNERS, &c., TRADING AS PASSMORE MEEKER & COMPANY.

Submitted July 8, 1904—Decided November 14, 1904.

The question for the determination of the jury being whether the goods for the value of which suit was brought were sold to the defendants or to a corporation called the Passmore Meeker Company, by which company they were ordered and to which they were charged on the books of the plaintiff's assignor, and the jury having found against the defendants—*Held*, that the verdict was against the clear weight of the evidence.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *Cowles & Carey.*

For the defendants, *Frank E. Bradner.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff, as assignee of one John Alfred Pisani, brought suit against the defendants to recover the value of certain goods sold and delivered by Pisani between January 17th and June 19th, 1902, the total bill

amounting to $558.20, upon which two payments had been made for $100—one January 8th and the other March 28th, 1903. The defendants claim that the goods were not sold and delivered to the firm of Passmore Meeker & Company, but were sold and delivered, after the dissolution of that firm, to a corporation named the Passmore Meeker Company. Prior to July, 1901, the plaintiff had sold goods to the firm of Passmore Meeker & Company. That firm, some two years prior to July, 1901, had consisted of John L. Meeker, William Passmore Meeker and J. D. Pineri. Pineri died two years prior to July, 1901, and the Meekers, father and son, continued the business under the same firm name until July 1st, 1901, when the Passmore Meeker Company, a corporation, was formed, which took over the business. On January 17th, 1902, Pisani sold to the Passmore Meeker Company the first bill of goods charged in the bill of particulars, and all the items in the bill of particulars are items of a claim against the corporation Passmore Meeker Company, and so appear in the books of account of Pisani Brothers. Prior to July, 1901, the general manager of Pisani Brothers had dealings with the firm of Passmore Meeker & Company, and the account appears in the books in that name, and on the 15th of July, 1901, appears a credit on that account of $76.95, and with a credit of goods balanced that account up to April 15th. There is a subsequent charge of $37.18 and a credit for the same amount, and the general manager testifies that that closed the account of Passmore Meeker & Company, and that account was not continued after that date.

On December 2d, 1901, a new account was opened in the name Passmore Meeker Company, the first item of which is December 2d, 1901, $44.44, and the general manager testifies that that was done because that was the first time—the first information they had, the first time he noticed any letters or any orders of that kind—he noticed the change the Passmore Meeker Company. The letter referred to is dated November 15th, 1901, has a printed heading, in black type. In the

upper left-hand corner the name of John L. Meeker, in the upper right-hand corner the name of William Passmore Meeker, and lower down, stamped in red ink, "The Passmore Meeker Company, Successors to," and then "Passmore Meeker & Company," and is in reference to goods ordered and ordering goods, and is signed the Passmore Meeker Company. All the goods furnished, for which this suit was brought, were charged under this account. So that the plaintiff starts out with a suit brought against defendants upon an account charged against another party, and so must fail of recovery unless he can produce satisfactory evidence that he believed and was justified in believing that he was really selling to a firm constituted of the Meekers.

When Pisani opened a new account in his books in the name of Passmore Meeker Company, because of the receipt of the order above mentioned signed by the Passmore Meeker Company, it is not credible to suppose that he did not believe that there had been some change in the customers with whom he was dealing, else why a new account and a change in the name? Pisani Brothers were therefore put upon inquiry to ascertain to whom the goods ordered should be charged, and having charged them to the corporation by which they were ordered, if they made no inquiry, they cannot hold someone else responsible for them.

The plaintiff offered in evidence twelve letters or orders received by Pisani Brothers between the time of the opening of the account in the name of Passmore Meeker Company and the end of the account sued on, all of which have on the printed heading the name the Passmore Meeker Company, and all signed the Passmore Meeker Company, some with initials following and some without.

The defendants offered in evidence two checks to the order of Pisani Brothers—one dated July 15th, 1901, the other December 5th, 1901, both made by the Passmore Meeker Company, H. L. Jenkinson, treasurer, and both endorsed Pisani Brothers; also nine letters, between November 16th, 1901, and August 29th, 1902, relating to the goods men-

tioned in the bill of particulars, all of which are addressed "The Passmore Meeker Company" and signed "Pisani Brothers."

There is no evidence on the part of the plaintiff that Pisani Brothers made any inquiry or investigation after the receipt of the letter of November 15th, 1901, to ascertain whether the Passmore Meeker Company was a new concern or was a continuation of the partnership of Passmore Meeker & Company under a new name. The manager of Pisani Brothers testifies that the first information he received in regard to the formation of a corporation was in November, 1902, and he had never, prior to that time, received any notice of it. The bookkeeper of the company testified that on the formation of the corporation he wrote a letter and sent it to Mr. Pisani, or Pisani Brothers, informing them of the formation of the corporation. The manager of Pisani Brothers and Mr. Pisani say they did not receive it. Mr. Meeker, the father, testified that in July, 1901, he informed Pisani's manager that the business had been transferred to the corporation, and young Mr. Meeker testified that in February, 1902, in a conversation with the manager, the fact of the corporation being in existence was mentioned.

The verdict was against the clear weight of the evidence, and the rule to show cause should be made absolute.